UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       No. 1:20-cr-104

      vs.                                Hon. Paul L. Maloney
                                             United States District Judge

MARTIN DALE OSBORN,

        Defendant.
_____/

**<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>**

May it please the Court, the United States submits the following memorandum for the Court's reference in determining an appropriate sentence.

1.    <u>Facts</u>:

On June 29, 2020, defendant Osborn left a voicemail for Representative Henry Johnson of Georgia in which he threatened "One day you are going to see me. It'll be about two o'clock in the morning. I'll be at your bedside, and all you're going to see is me knocking the living shit out of you." (R. 22: PSR, ¶ 6, PageID.53.) Osborn angrily referred to Rep. Johnson's sponsorship of a gun control bill in Congress, and alluded to a coming "civil war in this country." *Id.* Osborn repeatedly referred to Rep. Johnson, who is Black, as "boy." *Id.* Rep. Johnson's staff referred the threat to the U.S. Capitol Police, who alerted the FBI.

On July 8, 2020, SA Thomas Plantz (FBI) interviewed Osborn through the front door of his home in the Western District of Michigan. When SA Plantz said he was there about a threatening call to a Congressman, Osborn asked, "Which one?" and stated, "I make all kinds of threats, all the time." (PSR, ¶ 7.) SA Plantz later contacted the U.S. Capitol Police, and learned Osborn had a lengthy call history. Capitol Police forwarded two recent recorded examples; a

voicemail Osborn left for Rep. Abigail Spanberger of Virginia on March 2, 2020, and another he left for Sen. Chris Murphy on April 17, 2020 (PSR, ¶¶ 29, 31).

Osborn told Rep. Spanberger, "you are the definition of a cunt … the only thing you'll ever be successful at is spreading your fucking legs or open your mouth to take a dick." (*Id*, p. 29.) Osborn noted Rep. Spanberger's former work as a CIA officer, said the American people would "hang all you dumb fuckers" in the CIA, and threatened, "One day you're going to get what's due you." (*Id*.) Osborn told Sen. Murphy, "I know you [Democrats] think you are going to run America," and said "there are too many of us vets, believe you me, that will turn this nation in to a civil war. We will come for you … not a fucking thing you can do to stop us. See you soon, bitch." (*Id*, ¶ 31.)

2. <u>Guideline Issues</u>:

U.S. Probation recommends the defendant receive a four-level reduction in his offense level under USSG § 2A6.1(b)(6). (PSR, ¶ 21.) That section provides, "If (A) subsection (a)(2) and subdivisions [b](1), (2), (3), (4), and (5) do not apply, *and* (B) the offense involved a single instance evidencing little or no deliberation, decrease by 4 levels." (emphasis added.)

The government does not contend that most of the subdivisions listed above apply. Subdivision (b)(2)(A) is a close call: That provision calls for a two-level increase "if the offense involved more than two threats." The guideline enhancement is not limited to charged conduct, and the threats supporting it can be established by the defendant's admission. *Elkins v. United States*, 2012 U.S. Dist. LEXIS 112013, at *19 (E.D. Wis. Aug. 9, 2012).

Even if the Court does not consider Osborn's calls to Rep. Spanberger and Sen. Murphy "threats" for purposes of USSG § 2A6.1, the 4-level reduction applies only where subdivisions 1-5 do not apply *and* the crime involves only a "single instance evidencing little or no

deliberation." Like subsections (b)(1)-(5), subsection (b)(6) shows the Sentencing Commission's intent to carve out a small safe harbor for a one-time loss of temper, out of character for the defendant. *See, e.g. United States v. Stevenson*, 126 F.3d 662, 665 (5th Cir. 1997) (one-time threat did not merit reduction where "[i]t was not a spontaneous, momentary action done out of opportunity or impulse.") Even where a subsequent apology is sincere, that fact should not enter into the analysis. *Id*.

Osborn's threat to Rep. Johnson was not a single instance, but rather than latest in an escalating pattern of harassing calls. Moreover, the content of the threat demonstrated at least a modicum of deliberation. Osborn specifically referenced Rep. Johnson's support for a gun control bill, and placed audible emphasis on the slur "boy" when referring to the Black congressman. He similarly tailored his threats to his earlier targets, using ugly sexual insults for Congresswoman Spanberger, and referencing her past career as a CIA officer. In his call to Sen. Murphy, he touched on the same theme of an impending "civil war" that appeared in his threat to Rep. Johnson.

Osborn may not have had the actual intent or means to carry out his threats, but his victims, the Capitol Police, and the FBI did not know that. Osborn's threats obligated congressional staff and multiple law enforcement agencies to expend valuable time and resources assessing their viability. Especially in today's volatile environment, repeated calls referencing politically motivated violence and "civil war" cannot be taken lightly. The government does not suggest a draconian punishment is appropriate, but rather than a significant reduction is not.

    3.    <u>Statutory Sentencing Factors</u>:

The Court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.  In determining the particular sentence to be imposed, the court must consider, among other things:

    a.    *The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)):*

Osborn is – in the common sense, if not the guidelines sense – a repeat offender. Moreover, his threat to Rep. Johnson expressed clear racial animus. A formal enhancement for hate crime motivation may not be warranted, but Osborn's motivation should not be overlooked in crafting an appropriate sentence.

    b.    *The need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B)):*

The need for general deterrence is more urgent than the need for specific deterrence in this case. As the Court is aware, politically motivated threats and violence are becoming distressingly common. Limited law enforcement resources are diverted every time a facially serious threat (like here) must be investigated and assessed. An overly lenient sentence would not adequately discourage similar misconduct.

For the foregoing reasons, the government requests the Court deny the defendant a reduction under USSG § 2A6.1, and impose a guideline sentence.

    Respectfully submitted,

    ANDREW BYERLY BIRGE
    United States Attorney

Dated: November 13, 2020      /s/ Nils R. Kessler
    NILS R. KESSLER
    Assistant United States Attorney
    P.O. Box 208
    Grand Rapids, Michigan 49501-0208